# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLENN ROBERT SMITH, a natural person, and LINDA SMITH, a natural person,<br><br>         Plaintiffs,<br><br>    v.<br><br>BOB BAKER FAMILY FOUNDATION, a tax-exempt, non-profit corporation;  HOLD AT ALL COSTS, LLC, a California limited liability company; BOB BAKER MAZDA, a business entity of unknown form;  and DOES 1-25,<br><br>         Defendants. | Case No. 3:11-CV-979-MMA (WVG)<br><br>**ORDER PROVIDING NOTICE OF INTENT TO CONVERT MOTION and CONVERTING MOTION PURSUANT TO F**ED **R. C**IV**. P. 12(d); and VACATING SEPTEMBER 12, 2011 HEARING DATE** |

Glenn and Linda Smith ("Plaintiffs") filed this action against Bob Baker Family Foundation and Hold At All Costs, LCC (collectively, "Defendants"), alleging claims for violations of the Copyright Act, 17 U.S.C. section 101 *et seq*. and various state law claims.  Currently pending before the Court is Defendants' Motion to Dismiss Plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) [Doc. No. 3].  Plaintiff filed an opposition to the motion, with supporting declaration and exhibits [Doc. No. 13].  Defendants filed a reply [Doc. No. 14].  The matter is currently set for hearing on September 12, 2011.

/ / /

1    In support of their motion to dismiss, Defendants request the Court take judicial notice of
2 bankruptcy records in Plaintiffs' Chapter 7 bankruptcy case, *In re Glenn Robert Smith, Linda Costa*
3 *Smith*, case no. 10-12241-LA 7.  Defendants request the Court take particular notice of two
4 documents filed in the bankruptcy case, entitled "Schedule B - Personal Property" and "Declaration
5 Concerning Debtor's Schedules."  The Court grants Defendants' request, and takes judicial notice of
6 the documents requested by Defendants.  FED. R. EVID. 201; *see Reyn's Pasta Bella, LLC v. Visa*
7 *USA, Inc.*, 442 F.3d 741, 746 n. 6 (9th Cir. 2006) (taking judicial notice of related court filings as
8 matters of readily verifiable public record).

9    In support of their opposition to Defendants' motion, Plaintiffs submitted declarations from
10 Plaintiff Glenn Smith and Plaintiffs' attorney Don Lawton.  Plaintiffs also submitted two exhibits, a
11 letter from Lawton to the trustee assigned to Plaintiffs' Chapter 7 bankruptcy case, and a copy of
12 Plaintiffs' motion to reopen their bankruptcy case.  Plaintiffs did not submit a request for judicial
13 notice of any of the aforementioned documents.  The declarations and exhibits are responsive to
14 Defendants' argument that the Court should apply the doctrine of judicial estoppel to Plaintiffs'
15 copyright infringement claims.  Although the copy of the motion to reopen Plaintiffs' bankruptcy
16 proceedings is a public record that is proper for judicial notice, the rest of Plaintiffs' declarations and
17 exhibits are matters outside the pleadings.

18    In general, courts do not consider "matters outside the pleadings" at the motion to dismiss
19 stage.  *See* FED. R. CIV. P. 12(b)(6), 12(d).  "The two exceptions to this rule are: 1) the court may
20 properly take judicial notice of material which is included as part of the complaint or relied upon by
21 the complaint; and 2) the court may properly take judicial notice of matters in the public record."
22 *Ngoc Nguyen v. Wells Fargo Bank, N.A.*, 749 F. Supp. 2d 1022, 1025 (N.D. Cal. 2010), citing *Lee v.*
23 *City of Los Angeles*, 250 F.3d 668, 688–69 (9th Cir. 2001).  If either party to the motion to dismiss
24 submits materials outside the pleadings, the court has discretion to consider or reject such materials.
25 *See Swedberg v. Marotzke*, 339 F.3d 1139, 1143–46 (9th Cir. 2003).  However, in order to consider
26 "matters outside the pleadings," a court must generally convert a motion to dismiss into a motion for
27 summary judgment and give all parties "a reasonable opportunity to present all the material that is
28 pertinent to the motion."  FED. R. CIV. P. 12.

The Court intends to look beyond the pleadings and consider the declarations and exhibits submitted by Plaintiffs in ruling on the presently pending motion. Accordingly, Defendants' motion shall be converted to a motion for summary judgment, and the parties will be permitted an opportunity to file additional briefing and evidence "to present all the material that is pertinent to the motion." FED. R. CIV. P. 12(d). The parties shall adhere to the Court's special instructions as set forth in this Order, in lieu of the undersigned's civil chambers rule regarding motions for summary judgment. Accordingly, the Court hereby **ORDERS**:

1. Defendants' Motion to Dismiss under Rule 12(b)(6) is converted to a Motion for Summary Judgment under Rule 56;

2. Defendants may file additional briefing, not to exceed 15 pages, and submit additional evidence in support of the motion on or before ***October 3, 2011***;

3. Plaintiffs may file additional responsive briefing, not to exceed 15 pages, and submit additional evidence on or before ***October 10, 2011***;

4. The parties may file evidentiary objections, if any, on or before ***October 17, 2011***;

5. The hearing scheduled for ***September 12, 2011*** is **VACATED**. Upon receipt of the parties' submissions, the Court will issue an order resetting the hearing date, if appropriate.

**IT IS SO ORDERED.**

DATED: September 6, 2011

Hon. Michael M. Anello
United States District Judge